**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Timothy Barrett

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY BARRETT, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br>v.<br><br>**VO FINANCIAL CORPORATION; and VO FINANCIAL MA, INC.,**<br><br>Defendants. | Case No.: '13CV1082 H    JMA<br><br>**CLASS ACTION**<br><br>**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. TIMOTHY BARRETT ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of VO FINANCIAL CORPORATION ("VOFC"); and VO FINANCIAL MA, INC. ("VOFM"), referred to jointly as "VO FINANCIAL" or "Defendants," in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The actions alleged herein to have been undertaken by the Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

3. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

///

---

**CLASS ACTION COMPLAINT**                                                                 PAGE 1 OF 9

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the State of California, the harm to Plaintiff occurred in the State of California and within the County of San Diego, and Defendants are subject to personal jurisdiction in the County of San Diego and within this judicial district because they conduct business there.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Plaintiff is informed and believes, and thereon alleges, that VOFC is, and at all times mentioned herein was, a corporation whose primary address is in New Jersey, and is a resident of the State of New Jersey. VOFM is, and at all times mentioned herein was, a corporation whose primary address is in Massachusetts, and is a resident of the State of Massachusetts. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. VOFC is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

10. VOFM is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

11. At all times relevant, Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

12. At no time did Plaintiff provide Plaintiff's cellular telephone number to Defendants.

13. At no time did Plaintiff ever enter into a business relationship with Defendants.

14. On or about April 16, 2013, at approximately 2:45 p.m. (PST), VO FINANCIAL contacted Plaintiff's cellular telephone number ending in "8824" from telephone number (619) 568-6932.

15. During this telephone conversation, VO FINANCIAL's representative, a female, informed Plaintiff that Plaintiff was called because Plaintiff may have been harassed by third party agencies to rent or sell their timeshares.

16. Plaintiff asked the representative whether the representative dialed Plaintiff's telephone number. The representative responded that a new system dialed Plaintiff's telephone number for her, and that the representative did not dial Plaintiff's telephone number.

17. The representative informed Plaintiff that she was calling from the Cape Cod office.

18. Through such conduct, VO FINANCIAL contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

19. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. The telephone number VO FINANCIAL called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

21. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Plaintiff did not provide VO FINANCIAL or its agent prior express consent to make calls, including unsolicited calls utilizing an ATDS, to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. This automated telephone call by VO FINANCIAL, or their agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

25. Plaintiff represents and is a member of the Class, which includes:

    > All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of the Complaint.

26. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the several hundreds, if not thousands. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the members of the Class via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or

administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or modify the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through VO FINANCIAL's records or VO FINANCIAL's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including but not limited to the following:
   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;
   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and
   c. Whether Defendants should be enjoined from engaging in such conduct in the future.

31. As a person who received at least one text message using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff

is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in the Plaintiff has no interests antagonistic to any member of the Class.

32. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Plaintiff and members of the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual claims of members of the Class, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///
///
///
///

CLASS ACTION COMPLAINT                                                    PAGE 6 OF 9

# FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of VO FINANCIAL's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of VO FINANCIAL's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the Class are also entitled to and seek injunctive relief

prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Class the following relief against Defendants, and each of them:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of VO FINANCIAL's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of VO FINANCIAL's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///
///
///
///

**TRIAL BY JURY**

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 1, 2013                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Abbas Kazerounian__
    ABBAS KAZEROUNIAN, ESQ.
    ATTORNEYS FOR PLAINTIFF